UNITED STATES DISTRICT COURT

FOR THE DISTRICT EASTERN OF WASHINGTON

| | |
|---|---|
| SUSAN L. DUTTON,<br><br>                    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security<br>Administration,<br>                    Defendant.. | Case No. 2:12-cv-00211-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

This action is before the Court on Petitioner Susan Dutton's Petition for Review (Dkt. 5), seeking reversal of the Social Security Administration's final decision to deny disability benefits, and the parties cross-motions for summary judgment. (Dkts. 17, 21). This action is brought pursuant to 42 U.S.C. § 405(g).  After carefully reviewing the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order denying the relief sought in Dutton's Petition for Review.

## ADMINISTRATIVE PROCEEDINGS

On December 13, 2007, Dutton ("Petitioner" or "claimant") applied for Social Security Disability Insurance Benefits, alleging a disability onset date of February 1,

2003, when she was 46 years old.  (AR 126).  Administrative Law Judge ("ALJ") R.J.
Payne conducted a hearing on October 27, 2009, and a supplemental hearing on January
26, 2010, to take the testimony of Ray Fenner, MD, a medical expert, however that
testimony was rejected, and the hearing was continued until May 25, 2010, at which time
Arthur Lorber, MD, testified as a medical expert. On August 26, 2010, Dutton appeared
and testified on her own behalf.  K. Dianne Kramer, an impartial vocational expert also
appeared and testified at that time.  Claimant is represented by attorney Mathew Rovner.
At the time of the hearing, Petitioner had past relevant work as a fast food assistant
manager, retail store manager, stocker and telephone solicitor.

On October 1, 2010, the ALJ issued his decision denying Petitioner's claim for
disability.  (AR 28-42).  Petitioner timely requested review by the Appeals Council,
which ultimately upheld the determination of the ALJ on March 2, 2012, making the
denial the final determination of the Commissioner. (AR 1-7) In denying Petitioner's
claim, the Commissioner determined that Petitioner was not disabled within the meaning
of the Social Security Act.

## DISCUSSION

### A.    Standard of Review

To be upheld, the Commissioner's decision must be supported by substantial
evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Matney ex. rel.
Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d
1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by

substantial evidence, are conclusive.  42 U.S.C. § 405(g).  In other words, if there is

substantial evidence to support the ALJ's factual decisions, they must be upheld, even

when there is conflicting evidence.  *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d

1372, 1374 (9th Cir. 1979).

      "Substantial evidence" is defined as such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389,

401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of

Health & Human Servs*., 44 F.3d 1453, 1457 (9th Cir. 1995).  The standard requires more

than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112,

1119 n. 10 (9th Cir.1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and

"does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487

U.S. 552, 565 (1988).

      With respect to questions of fact, the role of the Court is to review the record as a

whole to determine whether it contains evidence that would allow a reasonable mind to

accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *see also Matney*,

981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving

conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984),

resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95

(9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v.

Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more

than one rational interpretation in a disability proceeding, the reviewing court may not

MEMORANDUM DECISION AND ORDER - 3

substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  *See id*.  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

There are four issues presented in the instant appeal: 1) whether the ALJ erred in not finding depression or a major depressive disorder as a severe impairment; 2) whether the ALJ properly developed the record; 3) whether the ALJ assigned proper weight to claimant's treating physician, April Hume, MD; and 4) whether or not the hypothetical presented to the vocational expert was properly supported.

## B.    Administrative Procedure

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) - or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) - within the meaning of the Social Security Act.

MEMORANDUM DECISION AND ORDER - 4

1.      **Five-Step Sequential Process**

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). SGA is defined as work activity that is both substantial and gainful.  "Substantial work activity" is work activity that involves doing significant physical or mental activities.  20 C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe his physical/mental impairments are and regardless of his age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant is not engaged in SGA, the analysis proceeds to the second step.  Here, the ALJ found that Petitioner had not engaged in SGA since February 1, 2003, the alleged onset date. (AR 30).  Petitioner does not dispute this finding.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a

minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At this step, the ALJ found that Petitioner had the following severe impairments: status post right Achilles fracture, post fusion surgery times two with secondary right hip and right knee pain, and chronic . (AR 30).  Petitioner disputes this finding claiming that the ALJ committed reversible error in not finding that Petitioner suffered from a major depressive disorder.  (Petitioner's Brief, Dkt. 18 at 10-12).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four.  *Id.*

Here, the ALJ concluded that Dutton "did not have an impairment or combination of impairments that met or medically equals one of the listed impairments."  (AR 38). Dutton disagrees with this determination, arguing that her alleged depressive disorder, either by itself, or in combination with his other disabilities medically equals a listed impairment and likewise proceeded to the fourth step of sequential process.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's residual functional capacity represents their ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.  20 C.F.R. §§ 404.1545, 416.945.  Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

After considering the evidence presented in the administrative record and at the hearing, the ALJ determined here that the Petitioner has the residual functional capacity to perform a full range of sedentary work.  (AR 38-39).  The ALJ further concluded that Petitioner is able to perform past relevant work as a telephone solicitor.  (AR 41).  The ALJ went further and found, upon examination of the vocational expert, that Dutton could also perform the work of telephone quotation clerk. (AR 41-42).

Accordingly, the ALJ found that she has not been under a disability, as defined by the act.

**B.    Analysis**

Petitioner seeks judicial review of the denial of benefits, arguing that the ALJ erred in not finding that she suffered from a major depressive disorder. Specifically, she

claims that the ALJ failed to properly develop the record, and wrongly discounted the opinion of Dr. Hume, Petitioner's treating physician.  Dutton also challenges the hypothetical that was made to the vocational expert, arguing that the omission her "nonexertional limitations," i.e., depression, amounts to reversible error. (Petitioner's Brief, Dkt. 18 at 16-17).

In response, the government argues that the ALJ's determination is supported by substantial evidence in the record.  The government argues that there is no evidence showing that Dutton's alleged depression limits her ability to work. Rather, the government points to record evidence that suggests working would actually improve her mood greatly.  (Respondent's Brief, Dkt. 22 at 9-12). Respondent further asserts that the ALJ properly developed and examined the record, concluding that the ALJ's hypothetical to the vocational expert was well-founded in record evidence and his conclusion, based on substantial evidence, and should be affirmed.

### 1.    Weight of Medical Evidence

In her application for benefits, Petitioner presented evidence Dr. April Hume, who was Dutton's treating physician since November 2006.  Petitioner argues the ALJ improperly rejected the opinion of Dr. Hume when he stated that Hume appeared to "consistently increase her narcotics based on subjective pain complaints without physical examination."  Petitioner argues that the ALJ's discounting of Dr. Hume's opinion that she is disabled is legal error because it relies on the opinions on non-treating and non-

examining physicians.  Thus, Petitioner implicitly argues that the ALJ rejected Dr. Hume's findings without providing adequate reasons.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, the opinions of treating physicians are given greater weight than those of other physicians, as treating physicians have a greater opportunity to observe the claimant.  *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

While a treating physician's opinion is normally entitled to deference, it is not necessarily determinant as to the question of disability.  *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 (9th Cir. 1989).  A lack of objective medical findings, treatment notes, and rationale to support a treating physician's opinion are all sufficient reasons for rejecting an opinion.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

After reviewing the record and the files of Dr. Hume, as well as the entire record, the Court finds, and thus concludes, that the ALJ gave the opinions of Dr. Hume, who is undisputedly a treating physician for these purposes, proper weight. The ALJ provided a thorough analysis of Petitioner's medical records including interpretation, weight given and adequate support for those decisions. While the ALJ found Dr. Hume's opinion that

Petitioner was disabled and unable to engage in any substantial gainful activity" less than credible, the ALJ's discount is supported by the record.  The ALJ notes that Hume's opinions is inconsistent with other physicians' opinions, and that Hume relied on Plaintiff's subjective complaints, which the ALJ found less than credible.  *See Bray v. Commissioner*, 554 F.3d 1219, 1229 (9th Cir. 2009), *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). Regarding the swelling amount of medication Hume prescribed, the ALJ even notes that even she was "uncomfortable continuing to increase the claimant's narcotics without a more thorough workup," though she continued to do so nonetheless. (AR 34-35).

In assigning less weight to Dr. Hume's evaluation, the ALJ relied on the opinions of seven other doctors, a medical expert, and objective imaging and examination evidence.  (AR 31-37). The Court's own review of the record supports the ALJ's determination. While the interpretation of Dr. Hume's opinions are subject to varying interpretations, the ALJ's finding are reasonable and supported by the record.  Likewise, they are not subject to second-guessing by the Court.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

A court must uphold the determination of the commissioner if the findings are "supported by inferences reasonably drawn from the record."  *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is the case here, even when there is "more than one rational interpretation" of the evidence.  *Id*.  Here, the ALJ properly supported his

findings, including adequate consideration of all medical evidence.  Accordingly, the

determination of the Commissioner will not be disturbed or overruled on this basis.

### 2.    Depression

Dutton submits that the ALJ's "not finding depression severe is legal error and not

supported by substantial evidence of record."  (Petitioner's Brief, Dkt. 18 at 12). She

argues that the ALJ's dispensing of depression at step two was in error because she has a

long history of being treated for depression.  (Id. at 10-12).

The government does not dispute the existence of Dutton's depression. However,

it argues that there is no evidence that it is severe to the point where it limits her physical

or mental abilities to do basic work.  (Respondent's Brief, Dkt. 22 at 9). The government

posits that Dutton's depression simply does not rise to the requisite level of severity and

that dismissal at step two was proper treatment of the non-severe disability.  (Id. at 9-14).

At the second step of the sequential process, the ALJ determines whether or not

the claimant has an impairment that is "severe."  20 C.F.R. § 404.1520(a)(4)(ii),

416.920(a)(4)(ii).  If the impairment is not considered severe, the evaluation of that

particular impairment goes no further.  *Id*.  An impairment or combination of

impairments is not severe if it does not significantly limit the claimant's physical or

mental ability to do basic work activities.  *Id*.

The Court's reading and analysis of the ALJ's opinion reveals that he thoroughly

discussed the causes, effects, and treatment of Dutton's depression.  (AR 31-36).  The

ALJ opined that it was not severe because it poses only "mild difficulties in maintaining

concentration, persistence or pace; and no episodes of decompensation." (AR 36). In fact, the record suggests that returning to work would actually improve Dutton's depressive symptoms. (*see* AR 533).

Dutton's contention is that the ALJ erred in failing to find her depression severe at Step 2 where the ALJ subsequently considered the evidence of the impact of that disease at later steps. However, any alleged error at step two was harmless because the ALJ considered her depression when making the residual functional capacity evaluation. *See Burch v. Barnhart,* 400 F.3d 676, 682 (9th Cir.2005). The ALJ found that Dutton's mental conditions are non-severe and would not prevent her from returning to work. The ALJ's reliance on Dr. Klien's review of Dutton's medical record was valid. Accordingly, the decision of the Commissioner will not be disturbed on this ground.

### 3.      Fully Developed Record

Dutton argues that the ALJ erred by "not acquiring … additional records [regarding her depression]." (Petitioner's Brief, Dkt. 18 at 11-13). She also suggests that the ALJ should have sent her out for a consultative psychological evaluation. (Id.)

Petitioner is correct that the ALJ has a duty to fully and fairly develop the record. *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983). However, the claimant has the burden of presenting evidence within her control to show that she is eligible for benefits. 20 C.F.R. § 404.370(f). The burden was thus on Dutton, not the ALJ, to come forward with evidence she now claims the ALJ should have obtained. Furthermore, Dutton does

not cite any evidence that the ALJ failed to consider.  Accordingly, the Court does not find error in here.

### 4.    Hypothetical

Petitioner finally argues ALJ erred in the residual functional capacity finding by failing to include her depression as a limitation in the hypothetical posed to the vocational expert.  (Petitioner's Brief, Dkt. 18 at 16-17).

As discussed above, the ALJ did not err in his treatment of the medical evidence. A thorough review on the record shows that the hypothetical to the vocational expert was supported by substantial evidence in the record.  As discussed above, the ALJ did not err in finding Plaintiff's physical impairments were non-severe. Further, an independent review of the record indicates the ALJ's residual functional capacity determination is supported by substantial evidence in the entire record.  The ALJ determination regarding the severity of Dutton's depression was supported by the record. Accordingly, the Court will not reverse where, as here, "the ALJ took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints." *Bayliss v. Barnhart,* 427 F.3d 1121, 1217 (9th Cir. 2005) (upholding ALJ decision despite failure to perform function-by-function assessment and failure to consider drowsiness or reactions to stress).

### C.    Conclusion

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial

evidence in the record and is based upon an application of proper legal standards. Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision and the Commissioner's decision is upheld.

## ORDER

Based on the foregoing, Petitioner's Motion for Summary Judgment (Dkt. 17) is DENIED; Respondent's Motion for Summary Judgment (Dkt. 21) is GRANTED; and the decision of the Commissioner is affirmed and this action is dismissed in its entirety with prejudice.



DATED: January 3, 2014

Honorable Larry M. Boyle
U. S. Magistrate Judge